ELBERT B. WALLACE v. WINIFRED A. WALLACE.

[46 South. 398.]

HABEAS CORPUS. *Custody of child. Temporary decree.*

> In an *habeas corpus* suit between separated parents for the custody of a seven-year-old child, where, because of the equality of their present conditions, it is difficult to determine to which one the custody of the child should be permanently awarded, the court may award its custody temporarily to the mother, leaving its permanent custody to be decided on a future application and the circumstances that may be then developed.

FROM the chancery court of, second district, Yalobusha county.

HON. ISAAC T. BLOUNT, Chancellor.

Mrs. Wallace, appellee, was the complaining petitioner in the court below; her husband, Elbert B. Wallace, appellant, was defendant there. The parties were separated, living apart each from the other. The suit was an *habeas corpus* proceeding for the custody of their seven year old son, William Frank. From a decree awarding the temporary custody of the child to the petitioner the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*Creekmore & Stone,* for appellant.

Wallace is a strong, vigorous, young man of good business capacity and with no bad habits; there was some little testimony tending to show that he drank intoxicants but this was vague and uncertain and several persons who had associated with him daily in business for four years testified that they had never seen him drunk or drinking. There was no reason whatever, given by any witness why he was not a fit and suitable person to rear the boy and the only reason why he should not have the custody of his boy that was or could be advanced was that the boy would be a comfort to his mother in her sickness.

As to Mrs. Wallace, she is a woman of good character but ill-

tempered and given to bursts of anger; she is weak and sick, suffering from a serious and most likely an incurable disease, which makes her unable to support herself and she must therefore rely upon her father for her own support; and the care of the child, its training and education must be committed by her, if the child remains in her custody, to her father.

The father of the child, not having been shown to be an unfit or unsuitable person to have its custody, should be awarded such custody by this court. The court below went too far in this case and "consulted, not the permanent well-being of the child as much as its immediate enjoyment."

All the facts surrounding the life of the child from childhood to manhood is what should be considered and not the mere immediate happiness or enjoyment of the child. *Hibbette v. Baines,* 78 Miss. 696, 29 South. 80.

*James G. McGowan,* for appellee.

While at common law the rule was that the father was entitled to the custody of his child as against the world, our courts have continually modified this rule, until now it may be said that the father is entitled to the custody of the child unless it would be for the child's benefit to be elsewhere, or unless a father is shown to be unfit to have the custody of his child. I take it to mean that his best interest will be to put him where the influence and moral training will make him a better citizen. In the case at hand, the mother, grandmother, and grandfather have had the care of him for the past four years, during which time, according to Wallace's own testimony, he had little opportunity, or evidenced little desire to train the child. *Cocke v. Hannum,* 39 Miss. 423; 21 Am. & Eng. Enc. of Law (2d ed.) 1038, notes 2, 3; *McShan v. McShan,* 56 Miss. 413; *Verser v. Ford,* 37 Ark. 270; *Chapsky v. Wood,* 26 Kan. 650; *Sturdivant v. State,* 15 Neb. 459; *Jones v. Darnall,* 103 Ind. 569; *Drumb v. Keen,* 47 Iowa; *Ex parte Schrumpert,* 6 Rich. Law 344; *Hibbette v. Baines,* 78 Miss. 696, 29 South. 80.

WHITFIELD, C. J., delivered the opinion of the court.

The decree in this case is as follows; "The court doth order, adjudge and decree that for the present the court temporarily awards the custody of the child, William Frank Wallace, to its mother, Mrs. Winifred Alma Wallace, said custody to be temporarily in its mother; and the court directs that said mother permit the respondent, Elbert B. Wallace, the father, to visit the child and have access to said child at all reasonable times. This order is temporary, the court reserving the matter for further consideration, to be further heard at any time the court deems proper, on its own motion of upon petition of either party," etc. Upon the peculiar facts of this case, as disclosed by the record, we think this is a wise decree, and it is affirmed.

The mother is shown to be a permanent invalid with equal chances of dying or living, and in such case the harshness of taking the child from her permanently is apparent. The connubial bickerings, complained of by the husband as constantly initiated by the wife, are not so grave but that there should be a reunion of these parties in a home, if necessary, of their own, for all that has come and gone. So far as the financial ability of the father and mother of the child is concerned—this seven year old boy—one is about as ill able as the other to furnish the means to provide for his maintenance and education. On the mother's side it is shown that her father and her mother are able and willing to provide for this child, and that she is living either with them, or in a house of her own, within a few hundred yards of their house, and that the boy has spent the whole seven years of his life in that locality in the home of his father and mother, and in the home of his grandfather and grandmother on his mother's side. On the father's side it is shown that his brother and his brother's wife are also able and willing to provide for the child, and that his father would assist in having him sent to school; but there is no evidence that the father himself has any home of his own. It seems that he had started the erection of a home in Water Valley, which, from the evi-

dence in the record, it probably would be well for him to complete and remove to, and reunite his family therein.

We do not think the evidence sustains the charges made against the father as to drunkenness; but in view of the condition of the mother, and of the fact that the grandfather and grandmother are closer to the child than the brother of her husband, and that the child has spent the whole of its life under the eyes of its grandfather and grandmother, in the locality of their home, and in view, especially, of the wise provision in the chancellor's decree that he makes no permanent disposition of the custody of the child at present, but leaves that permanent custody open, to be awarded in the future, on some future application, upon the circumstances as they may exist at that future time, we approve his decree as a wise and equitable one. It may be, from the evidence, that the mother may not survive any great length of time, and in that case the chancellor may again consider, under the circumstances at that time manifested, as to the propriety of awarding the custody of the child then permanently to its father.

*Affirmed.*